HALL, Judge
(dissenting).
In my opinion, the award affirmed by the majority decision is based on a per acre value of twice what the property taken is worth. My evaluation of the market value of the property taken, giving weight to all of the evidence presented by both plaintiff and defendant, is $500.00 per acre rather than $1,000.00 per acre as found by the trial judge and affirmed by a majority of this court.
The taking amounts to 8.327 acres out of an approximately 400 acre tract owned by defendant. The tract is vacant timberland, with its distinguishing feature being that it forms a peninsula extending into Lake Bistineau on the east side of the lake.
Plaintiff’s witnesses, Walter L. Hunter and Frank W. Grigsby, both experienced real estate appraisers, were of the opinion that the highest and best use of the tract was for timber growing, with the property having some added potential or value for development of lakefront campsites. Based on several sales of timberland in the area, plaintiff’s appraisers were of the opinion that the land had a value of $125.00 (Grigsby) and $133.00 (Hunter) per acre as timberland. Both testified the entire tract had additional value because of the lake frontage and established values of $350.00 (Hunter) and $400.00 (Grigsby) per acre for the tract as a whole. Thus, plaintiff’s witnesses increased their appraisals of the property by from $86,800.00 (Hunter) to $110,000.00 (Grigsby) over its value as timberland due to the lake frontage.
Defendant’s main witness, A. A. Pierce, an experienced dealer and developer of real estate in the area, testified that the highest and best use of the property was for rural homesites, campsites and recreational purposes. He was of the opinion that the entire tract could be subdivided into lots and marketed within five to seven years. He arrived at a value per acre of $1,260.00. He cited as a comparable sale a tract containing 22i/¿ acres which he subdivided into Flamingo Valley Lake Front Estates after having purchased the tract for $24,000.00 in 1960.
In my opinion, the evidence does not support a reasonably foreseeable and probable development of the tract as a whole for homesite and campsite purposes. Certainly the lake frontage has substantial value and there is a market for lakefront lots. To the *594 contrary, the evidence shows there is little or no market for interior lots in this area. Thus, we really have a situation where the highest and best use for part of the property would be as lakefront camp and home-sites, and the highest and best use of the balance of the property would be as timberland.
The evidence clearly negates the development of this entire tract for subdivision purposes in the near future. The property is on the east side of Lake Bistineau, which has not developed to the same extent as the west side which is considerably closer to Shreveport. The development of newer lakes of greater popularity such as Toledo Bend has substantially diminished the popularity of Lake Bistineau. There have been problems with moss and raising and lowering of the level of the lake. The evidence showed very few sales of lots on the east side of the lake in the last two years. Although lakefront lots in existing subdivisions have sold fairly well, sales of interior lots have been few and many such lots in existing subdivisions remain unsold.
Additional negative features relating to the development of this tract are the presence of two existing gas pipelines and rights granted by the landowner to United Gas Pipe Line Company relating to the Lake Bistineau Gas Storage Project, pursuant to which two gas injection wells have been located on the property.
Flamingo Valley is comparable as to the lakefront property but is not comparable as to the tract as a whole. That subdivision contained only 22J4 acres and was a long narrow strip along the lake, with few interior lots. The evidence shows that other lakefront tracts have been purchased in recent years for subdivision purposes at an average cost of $350.00 per acre.
Relying primarily on plaintiff’s evidence as to value of the entire tract, but giving weight to defendant’s evidence of the value of the lake frontage portion of the property, I would fix the value and award on the basis of $500.00 per acre.